IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| COMPASS BANK, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:17-cv-01576 |
| KAREN W. DIXON, CAROLINE B. MITCHELL, GLORIA B. RYAN, GWYNNE K. SHACKELFORD, AND SUNTRUST BANKS, INC. d/b/a SUNTRUST BANK | § § § § § § § | |
| Defendants. | § | |

### DEFENDANT SUNTRUST BANK'S OBJECTIONS TO THE EVIDENCE SUBMITTED IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL RETURN OF TRADE SECRET MATERIALS, AND VERIFIED APPLICATION FOR PRELIMINARY INJUNCTION

Defendant SunTrust Banks, Inc., dba SunTrust Bank hereby submits the following objections to purported evidence submitted by Plaintiff in support of its Motion to Compel Return of Trade Secrets and Verified Application for a Preliminary Injunction.

| Ref: | Material Objected To: | Grounds for Objection: |
|---|---|---|
| 1. | Declaration of Mark Montgomery, Exhibit 2. | Lacks authentication; Defendant is entitled to remainder and/or related statements; inadmissible hearsay; violation of best evidence. *See* FRE 106, 801, 802, 803, 901, 902, 1001-1008. |
| 2. | Declaration of Mark Montgomery, Exhibit 2, Paragraph 8. References to | Improper opinion of a lay witness (*Federal Rules of Evidence* §§701, 702); |

| Ref: | Material Objected To: | Grounds for Objection: |
|---|---|---|
|  | Code of Conduct and allegedly citing information from the Code of Conduct without attaching it. Opinion as to what is confidential or proprietary | Violates the Best Evidence Rule (*Federal Rules of Evidence* §1002). There is no "Code of Conduct" or its alleged content properly before this Court. Calls for a legal conclusion. |
| 3. | Declaration of Mark Montgomery, Exhibit 2, Paragraph 9: Does not establish basis for knowing that "Everything about a customer is confidential. Even the fact that an individual is a Compass customer is confidential." | Lacks foundation, personal knowledge (*Federal Rules of Evidence* §602) Improper opinion of a lay witness (*Federal Rules of Evidence* §§701, 702) and calls for a legal conclusion. |
| 4. | Declaration of Mark Montgomery, Exhibit 2, Paragraph 10. References, without foundation, that each of the Individual Defendants was issued a work laptop, the purpose for which they used it, and whether they had occasion to use a personal computer. | Lacks foundation, personal knowledge (*Federal Rules of Evidence* §602); Violates the Best Evidence Rule (*Federal Rules of Evidence* §1002). |
| 5. | Declaration of Mark Montgomery, Exhibit 2, Paragraph 10a. References, without foundation, the Individual Defendants being issued a work laptop. | Lacks foundation, personal knowledge (*Federal Rules of Evidence* §602). |
| 6. | Declaration of Mark Montgomery, | Lacks foundation, personal knowledge |

| Ref: | Material Objected To: | Grounds for Objection: |
|---|---|---|
|  | Exhibit 2, Paragraph 10b. Discusses, without foundation, the purposes for which the Individual Defendants used a work laptop and whether they had occasion to use a personal computer. | (*Federal Rules of Evidence* §602). |
| 7. | Declaration of Mark Montgomery, Exhibit 2, Paragraph 12. References, without foundation, that "[c]lient facing employees are encouraged to build relationships with customers" and that they do so using Compass's goodwill and resources. | Lacks foundation, personal knowledge (*Federal Rules of Evidence* §602). |
| 8. | Declaration of Mark Montgomery, Exhibit 2, Paragraph 13. Identifies, without foundation, that client relationships as Compass property and that clients are Compass clients. | Lacks foundation, personal knowledge (*Federal Rules of Evidence* §602) Improper opinion of a lay witness (*Federal Rules of Evidence* §§701, 702) and calls for a legal conclusion. |
| 9. | Declaration of Mark Montgomery, Exhibit 2, Paragraph 16. References, without foundation, the nature of the relationship between the Individual Defendants and clients, and their use of Compass's goodwill and resources. | Lacks foundation, personal knowledge (*Federal Rules of Evidence* §602); Improper opinion of a lay witness (*Federal Rules of Evidence* §§701, 702) and calls for a legal conclusion. |
| 10. | Declaration of Mark Montgomery, | Lacks foundation, personal knowledge |

| Ref: | Material Objected To: | Grounds for Objection: |
|---|---|---|
| | Exhibit 2, Paragraph 17. Out of court statement from unidentified client declarant regarding Gloria Ryan. | (*Federal Rules of Evidence* §602); Hearsay (*Federal Rules of Evidence* §802). |
| 11. | Declaration of Mark Montgomery, Exhibit 2, Paragraph 18. Out of court statements made by unidentified client declarants regarding the reasons for moving their business to SunTrust. | Lacks foundation, personal knowledge (*Federal Rules of Evidence* §602); Hearsay (*Federal Rules of Evidence* §802). |
| 12. | Declaration of Mark Montgomery, Exhibit 2, Paragraph 19. Out of court statement by unidentified client declarants made to Scott Zindler, out of court declarant, that Scott had "stood for customer service even when your whole network had turned upside down." | Lacks foundation, personal knowledge (*Federal Rules of Evidence* §602); Hearsay (*Federal Rules of Evidence* §802). |
| 13. | Declaration of Mark Montgomery, Exhibit 2, Paragraph 23. Refers to an unspecified client list that is not attached to the declaration. | Lacks foundation and authentication, personal knowledge (*Federal Rules of Evidence* §602); Hearsay (*Federal Rules of Evidence* §802). |
| 14. | Exhibits 3, 4, 5, 6. Compass Bank policies, including code of conduct and security policies, produced by Compass Bank. | Lacks foundation and authentication, personal knowledge (*Federal Rules of Evidence* §602); Hearsay (*Federal Rules of Evidence* §802). |

| Ref: | **Material Objected To:** | **Grounds for Objection:** |
|---|---|---|
| 15. | Exhibit 7. "Employee Transcript" for Karen Dixon, produced by Compass Bank. | Lacks foundation and authentication, personal knowledge (*Federal Rules of Evidence* §602); Hearsay (*Federal Rules of Evidence* §802). |
| 16. | Exhibits 9, 10, 11, 13, 14, 15. Employment Agreements and Cash Incentive Award Agreements produced by Compass Bank. | Lacks foundation and authentication, personal knowledge (*Federal Rules of Evidence* §602); Hearsay (*Federal Rules of Evidence* §802). |
| 17. | Exhibit 17. Email correspondence produced by Compass Bank. | Lacks foundation and authentication, personal knowledge (*Federal Rules of Evidence* §602); Hearsay (*Federal Rules of Evidence* §802). |
| 18. | Exhibit 19. Spreadsheet produced by Compass Bank. | Lacks foundation and authentication, personal knowledge (*Federal Rules of Evidence* §602); Hearsay (*Federal Rules of Evidence* §802). |
| 19. | Affidavit of David Sandlin, Exhibit 21, Paragraph 3. Refers to an Exhibit 2 which is not attached to the Affidavit. | Lacks foundation and authentication, personal knowledge (*Federal Rules of Evidence* §602); Hearsay (*Federal Rules of Evidence* §802). Exhibit 2, referenced in the Affidavit, is missing and cannot be relied upon or verified. |
| 20. | Affidavit of David Sandlin, Exhibit 21, Paragraph 5. States that Karen | Lacks foundation and authentication, personal knowledge (*Federal Rules of* |

| Ref: | Material Objected To: | Grounds for Objection: |
|---|---|---|
|  | Dixon accepted a meeting from Michael Breath of SunTrust. | *Evidence* §602); Hearsay (*Federal Rules of Evidence* §802). *Inter alia*, the referenced Exhibit is missing and cannot be relied upon or verified. |
| 21. | Affidavit of David Sandlin, Exhibit 21, Paragraphs 6-27. Assumes, without foundation, that Karen Dixon, Gwynne Shackelford, Gloria Ryan, Patrick Keller, Sylvia Ingram, Chantolia Joseph, and Brian Losak were the individuals using the computers to perform the identified tasks. | Lacks foundation and authentication, personal knowledge (*Federal Rules of Evidence* §602); Hearsay (*Federal Rules of Evidence* §802). *Inter alia*, the referenced Exhibits are missing and cannot be relied upon or verified. |
| 22. | Exhibit 23. Unidentified spreadsheet produced by Compass Bank. | Lack foundation and authentication, personal knowledge (*Federal Rules of Evidence* §602); Hearsay (*Federal Rules of Evidence* §802). |
| 23. | Exhibit 27. Documents produced by third party Texas Capital Bank. | Lack foundation and authentication, personal knowledge (*Federal Rules of Evidence* §602); Hearsay (*Federal Rules of Evidence* §802). |
| 24. | Exhibit 31. Resignation letters produced by Compass Bank. | Lack foundation and authentication, personal knowledge (*Federal Rules of* |

| Ref: | Material Objected To: | Grounds for Objection: |
|---|---|---|
|  |  | *Evidence* §602); Hearsay (*Federal Rules of Evidence* §802). |
| 25. | Exhibit 36. Text message produced by Karen Dixon. | Lack foundation and authentication, personal knowledge (*Federal Rules of Evidence* §602); Hearsay (*Federal Rules of Evidence* §802). |
| 26. | Exhibit 37. Email correspondence produced by Compass Bank. | Lack foundation and authentication, personal knowledge (*Federal Rules of Evidence* §602); Hearsay (*Federal Rules of Evidence* §802). |
| 27. | Exhibits 18, 22, 28, 29, 32, 38. Email correspondence produced by Karen Dixon. | Hearsay (*Federal Rules of Evidence* §802). |
| 28. | Exhibits 26 and 33. Email correspondence produced by SunTrust. | Hearsay (*Federal Rules of Evidence* §802). |

Respectfully submitted,

By: /s/ *Arthur V. Lambert*
Arthur V. Lambert
Attorney-in-Charge
State Bar No. 11841250
Federal Bar No. 18785
Amy L. Strauss
State Bar No. 24094968

Fisher & Phillips LLP
500 North Akard, Suite 3550
Dallas, Texas 75201
Telephone: (214) 220-9100
Facsimile: (214) 220-9122
alambert@fisherphillips.com

**ATTORNEYS FOR DEFENDANT
SUNTRUST BANK, INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of April, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the Plaintiff's and Defendant's counsel of record:

A. Robert Fischer
Michael J. Lombardino
William R. Stukenberg
Jackson Lewis P.C.
816 Congress Ave., Suite 1530
Austin, TX 78701
fischera@jacksonlewis.com
michael.lombardino@jacksonlewis.com
william.stukenberg@jacksonlewis.com

Bryan Paul Stevens
Jennifer R. Poe
Hallett Perrin PC
1445 Ross Avenue, Suite 2400
Dallas, TX 75202
bstevens@hallettperrin.com
jpoe@hallettperrin.com

/s/ Arthur V. Lambert
Arthur V. Lambert